**UNITED STATES of America**

v.

**William R. FERLE, et al.**

**Cr. No. 82–42.**

United States District Court,
D. Rhode Island.

May 11, 1983.

Edwin J. Gale, Sp. Atty., U.S. Dept. of Justice, Providence, R.I., for plaintiff.

James Ruggiero, John F. Cicilline, Vincent Oddo, Gerrick Van Deusen, Providence, R.I., for defendants.

Knight Edwards, and John D. Deacon, Edwards & Angell, Providence, R.I., for Providence Journal Co.

MEMORANDUM

FRANCIS J. BOYLE, Chief Judge.

On July 11, 1980, an Order authorizing the interception of oral communications within the premises of 165 Atwells Avenue, Providence, Rhode Island issued pursuant to 18 U.S.C. § 2518 (1976), upon an application by the United States. The Application and Order, filed in Misc. No. 80–47, were sealed pursuant to 18 U.S.C. § 2518(8)(b).

Based in part upon information gathered from these interceptions, indictments issued in 1982 against the Defendants in this action, Frank L. Marrapese, Jr., William R. Ferle, Marie Marrapese, and Vincent Chiello. The four Defendants were tried in this Court in October of 1982, and jury verdicts of guilty were entered as to some of the charges. (CR. No. 82–42).

The United States filed a motion to unseal all documents in Misc. No. 80–47 pursuant to 18 U.S.C. § 2518(8)(b). The motion was granted in part, limiting disclosure to the Defendants and their counsel.

The Providence Journal Company, a publisher of newspapers of general circulation within the State of Rhode Island, also filed a motion in this action for disclosure of the application materials in Misc. No. 80–47 pursuant to 18 U.S.C. § 2518(8)(b). Defendants opposed this motion, on the grounds that such disclosure would jeopardize their right to a fair trial, and would violate their privacy rights and those of third parties.

Jury verdicts in this case were entered in October of 1982. Defendants' argument that their ability to obtain a fair trial would be jeopardized if these documents were unsealed is therefore moot.

18 U.S.C. § 2518(8)(b) provides that:

(b) Applications made and orders granted under this chapter shall be sealed by the judge. Custody of the applica-

tions and orders shall be wherever the judge directs. Such applications and orders shall be disclosed only upon a showing of good cause before a judge of competent jurisdiction and shall not be destroyed except on order of the issuing or denying judge, and in any event shall be kept for ten years.

The primary purpose of the "good cause" showing is to "protect the confidentiality of the government's investigation as well as the authenticity of the application and order." *United States v. Florea,* 541 F.2d 568, 575 (6th Cir.1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977). In light of the fact that the United States moved to unseal the application materials in this case, however, it must be presumed that unsealing would not impair the confidentiality of the government's investigation or affect the authenticity of the application.

In *In Re Applications of Kansas City Star,* 666 F.2d 1168 (8th Cir.1981), the Eighth Circuit held that "even in the absence of a government claim of confidentiality there must still be good cause for unsealing and disclosing orders and applications for electronic surveillance because the 'protection of privacy was an overriding congressional concern' in the enactment of Title III. *Gelbard v. United States,* 408 U.S. 41, 48 [92 S.Ct. 2357, 2361, 33 L.Ed.2d 179] (1972)." *Id.* at 1175. Because the district court in *Kansas City Star* had not addressed the issue of whether there was good cause to disclose the application to the public, the order unsealing the documents was vacated.

In this action, the Providence Journal Company maintains that the public's interest in access to criminal proceeding documents outweighs the Defendants' privacy rights. *See generally Globe Newspaper Co. v. Superior Ct. for City of Norfolk,* —— U.S. ——, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Congress has deliberately and expressly limited that right of access, however, by imposing the sealing requirements of 18 U.S.C. § 2518(8)(b) and by permitting

unsealing only upon a showing of good cause. The fact that Congress imposed this limitation bears emphatic repetition.

In its Memorandum in Support of Motion for Disclosure of Electronic Surveillance Materials, the Providence Journal Company contends that there is good cause for disclosure of the documents to the press and the public (1) based on First Amendment interests in effectively covering an ongoing and newsworthy judicial proceeding, (2) in disclosure of other potential criminal activity, (3) in safeguarding against possible attempts to use judicial processes as instruments of persecution, and (4) generally for all the reasons that give rise to First Amendment and common law interests in disclosure of such materials. Thus, the Providence Journal Company concedes in this action the constitutional validity of the good cause requirement imposed by Congress. Movant has neither briefed nor argued the contention that Congress may not impose such a limitation, a contention which would create a substantially different issue from that now presented. *See generally Nebraska Press Assn. v. Stuart,* 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *Richmond Newspapers Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Globe Newspaper Company v. Superior Court,* —— U.S. ——, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982).

■ "Good cause ... means that, at least minimally, there must be a need for disclosure." *Kansas City Star,* 666 F.2d at 1176. The fact that a trial is completed or that the United States does not oppose an unsealing does not constitute "good cause." Nor does the desire of the news media to print the contents of a sealed application and order provide a "need for disclosure." *Kansas City Star,* 666 F.2d at 1177 n. 12. The legislative history of Title III includes the statement that "[a]pplications and orders may not be disclosed except incidental to the disclosure or use of the records themselves after a showing of good cause ...". S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* [1968] U.S.Code Cong. & Ad. News 2112, 2194. Certainly the First

Amendment free speech and free press rights of the Providence Journal Company are entitled to protection. The Providence Journal Company does not argue, however, that the good cause restriction imposed by Congress violates those rights. The direction of the elected representatives of the public must be followed, absent a violation of a constitutional mandate. No such violation is alleged in this action.

If this Court should determine that the mere fact that the Providence Journal Company is a newspaper is, standing alone, sufficient to show good cause, then the good cause requirement imposed by Congress is essentially meaningless. Furthermore, since the Providence Journal Company has no superior right to information, *see Branzburg v. Hayes,* 408 U.S. 665, 684, 92 S.Ct. 2646, 2658, 33 L.Ed.2d 626 (1972), if it is entitled to the application materials, then anyone else who wished to have access would also be entitled to the information.

■ The privacy rights of third parties who may be affected by disclosure must also be considered upon an application to unseal pursuant to 18 U.S.C. § 2518(8)(b). *United States v. Dorfman,* 690 F.2d 1217, 1228 n. 15 (7th Cir.1982). The Senate Report expresses concern for the "sensitive information" which may be contained in application materials, and for the privacy interests of third parties where a motion to suppress has been filed under § 2518(10)(a). S.Rep. No. 1097, *supra,* at 2194 and 2195.

There are numerous third parties whose names appear in the application materials in this action. It is to be particularly noted that "malfeasance" is asserted in the affidavit concerning many persons against whom no indictments have been handed down. In *United States v. Warrant Authorizing, Etc.,* 521 F.Supp. 190 (D.N.H.1981), the court characterized the application in question as "a detailed, prolix sixty-four page document reciting a litany of alleged malfeasance which is mind-boggling to the neophyte not conversant with organized crime." *Id.* at 195. Where no indictments have issued against persons allegedly involved in criminal activity, there is a clear

suggestion that, whatever their truth, the Government cannot prove these allegations. The court of public opinion is not the place to seek to prove them. If the Government has such proof, it should be submitted to a grand jury, an institution developed to protect all citizens from unfounded charges. All citizens, whatever their real or imagined past history, are entitled to the protection of a grand jury proceeding.

Recently, in *Illinois v. Abbott & Associates, Inc.,* —— U.S. ——, 103 S.Ct. 1356, 75 L.Ed.2d 281 (1983), the United States Supreme Court had occasion to comment on the need to protect unindicted third parties from public scrutiny. The Court stated:

In their quest for information grand juries often acquire reams of documents and hours of testimony later to be found irrelevant to the investigation or the final charge. Its wholesale disclosure could be embarrassing, if not destructive of third parties or of unindicted individuals and corporations concerned when witnesses are called upon to testify or furnish evidence which involves them. This is one of the principal reasons why grand jurors are sworn to secrecy. It is the duty of the court in following 6(e) [Rule 6(e) Federal Rules of Criminal Procedure] to protect from public scrutiny and injury such individuals and corporations.

*Id.* at —— n. 8, 103 S.Ct. at 1360 n. 8.

The wiretap application materials have no justification unless the information obtained from the wiretap is submitted to a grand jury. Since such materials are preliminary to a grand jury investigation, they are certainly subject to the same limitations with respect to their public disclosure as the grand jury proceedings themselves.

The persons named in the affidavit in support of the wiretap would not have been notified of their involvement in this action unless they had been parties to the intercepted communications, pursuant to 18 U.S.C. § 2518(8)(d). That section states that:

(d) Within a reasonable time not later than ninety days after the filing of an application for an order of approval un-

der section 2518(7)(b) which is denied or the termination of the period of an order or extensions thereof, the issuing or denying judge shall cause to be served, on the persons named in the order or the application, and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, an inventory which shall include notice of—

(1) the fact of the entry of the order or the application;

(2) the date of the entry and the period of authorized, approved or disapproved interception, or the denial of the application; and

(3) the fact that during the period wire or oral communications were or were not intercepted.

Should the application documents be made available to the Providence Journal Company, persons who have no prior notice of their alleged connection with the application will find themselves on public display in an unfavorable light, solely as a result of their names appearing in the wiretap application. Giving notice and a hearing to these parties is neither mandated nor expressly permitted by 18 U.S.C. § 2518(8)(b). Without notice, these parties cannot be heard on the unsealing of application materials and will be unable to assert their own privacy interests in nondisclosure.

The Providence Journal Company has failed to show "good cause" to unseal the application documents as required by 18 U.S.C. § 2518(8)(d). The Motion to Unseal pursuant to 18 U.S.C. § 2518(8)(b) must be denied.